Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **MELANIE LAYTON,** <br><br> Plaintiff, <br><br> v. <br><br> **EXPERIAN INFORMATION SOLUTIONS, INC., BANK OF AMERICA, N.A., SYNCHRONY BANK, COMENITY BANK, and DISCOVER FINANCIAL SERVICES, INC.,** <br><br> Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.** <br><br> **Case No.:** 4:20-cv-00029-DN <br><br> **Judge: David Nuffer** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Melanie Layton ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), BANK OF AMERICA, N.A. ("BA"), SYNCHRONY BANK ("Synchrony"), COMENITY BANK ("Comenity"), and DISCOVER ("Discover") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Washington, State of Utah.
6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.
7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").
9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Washington, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Washington, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
11. Defendant Experian is a corporation doing business in the State of Utah.
12. Defendant BA is a financial institution doing business in the State of Utah.
13. Defendant Synchrony is a financial institution doing business in the State of Utah.
14. Defendant Comenity is a financial institution doing business in the State of Utah.

15. Defendant Discover is a debt collection agency doing business in the State of Utah.
16. Defendants BA, Synchrony, Comenity, and Discover ("Defendant Creditors") are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.
17. Defendant Experian is a national credit reporting agency, doing business in Utah, with a principal place of business in California.

## GENERAL ALLEGATIONS

18. At all times relevant, Plaintiff was an individual residing within the State of Utah.
19. At all times relevant, Defendants conducted business in the State of Utah.
20. Plaintiff had opened several credit accounts with Defendant Furnishers (the "Accounts").
21. Prior to July 5, 2018, Plaintiff had an account, no. 552433XXXXX, with BA (the "BA Account")
22. Prior to July 5, 2018, Plaintiff had an account, no. 603461XXXX, with Synchrony (the "Synchrony Account 1")
23. Prior to July 5, 2018, Plaintiff had an account, no. 798192XXXX, with Synchrony (the "Synchrony Account 2")
24. Prior to July 5, 2018, Plaintiff had opened an account, no. 585637XXX, with Comenity (the "Comenity Account")
25. Prior to July 5, 2018, Plaintiff had an account, no. 601120XXXXX, with Discover (the "Discover Account")
26. On or about March 27, 2018, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 18-22018 (the "Bankruptcy").

27. The Accounts were scheduled in the Bankruptcy and the Defendant Creditors and/or subsequent holders of the Accounts received notice of the Bankruptcy.
28. On or about July 5, 2018, Plaintiff received a Chapter 7 Bankruptcy discharge.
29. The Defendant Creditors filed no proceedings to declare the Accounts "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
30. Defendant Creditors also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to be allowed to legally pursue the Plaintiff personally for any underlying debts on the Accounts.
31. Defendant Creditors and/or the subsequent holders of the Accounts were listed in the schedule of creditors and received notice of the discharge order when the Bankruptcy was discharged.
32. Accordingly, the Accounts were discharged through the Bankruptcy.
33. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for Defendant Creditors to report any post-Bankruptcy derogatory collection information on the Accounts.
34. Any attempt by Defendant Creditors to collect debts on the Accounts by reporting post-Bankruptcy derogatory information after the entry of the automatic stay and Discharge would thereafter be false or inaccurate and prohibited.
35. Plaintiff subsequently learned that Defendant Creditors reported post-Bankruptcy derogatory credit information regarding the Accounts on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and derogatory credit information in Plaintiff's credit files.
36. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start" post-bankruptcy financial life.

## The BA Account:
## Experian and BA's Inaccurate and Derogatory Reporting

37. In an Experian credit report dated December 17, 2018, BA and Experian reported the following inaccurate and derogatory information re the BA Account:
    - Status: Account Charged Off. $4,727 written off
    - Payment history August 2018: Charge off

38. Experian and BA should not have reported derogatory information on this BA account after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.

39. Experian and BA especially should not have reported derogatory information on this BA account after July 5, 2018 because this BA account was discharged in Plaintiff's chapter 7 bankruptcy on that date.

40. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on this BA account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by BA.

41. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian disputing the above inaccurate and incorrect derogatory information and requesting it be corrected and removed as follows:

    - Immediately correct this account and the disputed derogatory information from my credit report.
    - The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.
    - There should not be any amount listed as "past due" or "written off".
    - Any post bankruptcy derogatory information needs to be immediately deleted from my credit report.
    - If you do not immediately correct this account on my credit report please include a 100 word statement on my credit report

of all the disputed information contained in this letter regarding this account.

## The Synchrony Account 1: Experian and Synchrony's Inaccurate and Derogatory Reporting

42. In an Experian credit report dated December 17, 2018, Synchrony and Experian reported the following inaccurate and derogatory information on the Synchrony Account 1:
    - Status: Account charged off. $4,727 written off
    - Payment history August 2018: Charge off

43. Experian and Synchrony should not have reported derogatory information on this Synchrony account after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.

44. Experian and Synchrony especially should not have reported derogatory information on this Synchrony account after July 5, 2018 because this Synchrony account was discharged in Plaintiff's chapter 7 bankruptcy on that date.

45. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on this Synchrony account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

46. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

    - Immediately correct this account and the disputed derogatory information from my credit report.
    - The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.
    - Any post bankruptcy derogatory information needs to be immediately deleted from my credit report.

- If you do not immediately correct this account on my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

## The Synchrony Account 2:
## Experian and Synchrony's Inaccurate and Derogatory Reporting

47. In an Experian credit report dated December 17, 2018, Synchrony and Experian reported the following inaccurate and derogatory information on the Synchrony Account 2:

    - Status: Account charged off. $2,980 written off
    - Payment history August 2018: Charge off

48. Experian and Synchrony should not have reported derogatory information on this Synchrony account after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.

49. Experian and Synchrony especially should not have reported derogatory information on this Synchrony account after July 5, 2018 because this Synchrony account was discharged in Plaintiff's chapter 7 bankruptcy on that date.

50. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on this Synchrony account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

51. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

    - Immediately correct this account and the disputed derogatory information from my credit report.
    - The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.

8

- Any post bankruptcy derogatory information needs to be immediately deleted from my credit report.
- If you do not immediately correct this account on my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

### The Comenity Account:
### Experian and Comenity's Inaccurate and Derogatory Reporting

52. In an Experian credit report dated December 17, 2018, Comenity and Experian reported the following inaccurate and derogatory information on the Comenity Account:
    - Status: Account Charged Off. $1,600 written off, $1,600 past due as of December 2018
    - Payment history June – December 2018: Charge off
53. Experian and Synchrony should not have reported derogatory information on this Synchrony account after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.
54. Experian and Synchrony especially should not have reported derogatory information on this Synchrony account after July 5, 2018 because this Synchrony account was discharged in Plaintiff's chapter 7 bankruptcy on that date.
55. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on this Synchrony account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.
56. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

- Immediately correct this account and the disputed derogatory information from my credit report.
- The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.
- Any post bankruptcy derogatory information needs to be immediately deleted from my credit report.
- If you do not immediately correct this account on my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

## The Discover Account:
### Experian and Discover's Inaccurate and Derogatory Reporting

57. In an Experian credit report dated December 17, 2018, Discover and Experian reported the following inaccurate and derogatory information on the Discover Account:

    - Status: OPEN

58. Experian and Synchrony should not have reported derogatory information on this Synchrony account after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.

59. Experian and Synchrony especially should not have reported derogatory information on this Synchrony account after July 5, 2018 because this Synchrony account was discharged in Plaintiff's chapter 7 bankruptcy on that date.

60. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on this Synchrony account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

61. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

- Immediately correct this account and the disputed derogatory information from my credit report.
- The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.
- If you do not immediately correct this account on my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

## Defendants' Continued Inaccurate and Derogatory Reporting

62. Upon information and belief, Experian timely notified Defendant Creditors of Plaintiff's dispute, but Defendant Creditors continued reporting the inaccurate and derogatory information.

63. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's cosumer report pursuant to 15 U.S.C. §1681i.

64. On or about February 4, 2019, Plaintiff received notification from Experian that Defendant Creditors had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

65. After receiving notice of Plaintiff's dispute, Defendants republished the inaccurate and derogatory information on the Accounts.

66. Rather than updating Plaintiff's Accounts as notified by Plaintiff, Defendants verified the reported information and then republished the inaccurate and derogatory information on Plaintiff's credit report.

67. According to Experian's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "the current status or state of the account."

68. Reporting the status of the Accounts as unpaid and charged off after July 5, 2018 are blatantly incorrect because the Accounts were discharged in bankruptcy on July 5, 2018.

69. After Plaintiff's dispute, by reporting the current status of the Accounts as currently being reported and by failing to update the status of the Accounts,

11

Defendants are intentionally now reporting and republishing inaccurate post-bankruptcy discharge information.

70. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for her bankruptcy, and once again for the negative statuses.

71. Additionally, Defendants' reporting charged off on the Accounts is incorrect as the Accounts were discharged in bankruptcy and there thus no current balance is due and owing on the Accounts.

72. Plaintiff is informed and believes and thereon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Creditors' responding and verifying the incorrect information to the credit reporting agencies, Defendants failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in bankruptcy, and to ensure correct reporting on the Accounts.

73. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Experian responding and verifying the incorrect information to Plaintiff, Experian failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in bankruptcy to aid in reporting the correct status of Plaintiff's Accounts.

74. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendants Creditors responding and verifying the incorrect information to the credit reporting agencies, Defendant failed to communicate with Experian to aid in reporting the correct status of Plaintiff's Accounts.

75. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Experian responding and verifying the incorrect information to Plaintiff, Defendant Experian failed to communicate with Defendant Creditors to aid in reporting the correct status of Plaintiff's Accounts.

76. Defendants further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status of Plaintiff's Accounts.
77. Therefore, Defendants upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).
78. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
79. Due to Defendants' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate and derogatory information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
80. Plaintiff's continued efforts to correct Defendants' erroneous and negative information by disputing the reporting on the accounts with Defendants were futile.
81. Defendants' continued inaccurate and negative reporting on the accounts in light of its knowledge of the actual errors was willful.
82. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.
83. By inaccurately reporting account information on the accounts after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions of each Defendant constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

86. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

87. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

88. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 31, 2020                                      Respectfully submitted,

                                                           BY: /s/ RYAN MCBRIDE_____
                                                               RYAN MCBRIDE, ESQ.
                                                               ATTORNEY FOR PLAINTIFF