IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MELANIE LAYTON,<br><br>                Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; BANK OF AMERICA, N.A.; SYNCHRONY BANK; COMENTITY BANK, and DISCOVER FINANCIAL SERVICES, INC.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT DISCOVER FINANCIAL SERVICES, INC.'S RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Case No. 4:20-cv-00029-DN-PK<br><br>District Judge David Nuffer |

Plaintiff Melanie Layton ("Layton") brings this action against Defendant Discover Financial Services ("Discover") alleging violations of the Fair Credit Reporting Act ("FCRA"). Pursuant to Fed. R. Civ. P. 12(b)(6), Discover moves to dismiss, with prejudice, Layton's Amended Complaint for failure to state a claim upon which relief can be granted ("Motion").[1] As set forth in the following memorandum decision and order, the Motion is GRANTED.

## BACKGROUND[2]

1. On March 27, 2018, Layton filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah.[3]

---

[1] Defendant Discover Financial Services, Inc.'s Motion to Dismiss Amended Complaint , docket no. 33, filed June 18, 2020; Plaintiff's Response in Opposition to Defendant Discover Financial, Inc.'s Motion to Dismiss Amended Complaint ("Opposition"), docket no. 35, filed July 17, 2020; Defendant Discover Financial Services, Inc.'s Reply Memorandum in Support of Its Motion to Dismiss Amended Complaint ("Reply"), docket no. 40, filed August 3, 2020.

[2] The facts set forth below are drawn largely verbatim from the allegations of the First Amended Complaint, which are accepted as true for purposes of deciding Discover's Motion.

[3] First Amended Complaint ("Amended Complaint"), ¶ 26, docket no. 15, filed May 6, 2020.

2. Prior to July 5, 2018, Layton had an account, no. 601120XXXXX, with Discover ("Discover Account").[4]

3. Discover received notice of the bankruptcy filing by April 24, 2018.[5]

4. On or about July 5, 2018, Layton received a Chapter 7 Bankruptcy discharge, and the Discover account was discharged accordingly.[6]

5. In an Experian credit report dated December 17, 2018, Discover and Experian reported the Discover Account status as "OPEN."[7]

6. According to Experian's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "the current status or state of the account."[8]

7. On or about December 21, 2018, Layton disputed the reporting of the Discover Account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the alleged inaccuracy in the credit information furnished by Discover.[9]

8. Specifically, Layton sent a letter, certified, return receipt, to Experian disputing and requesting the above inaccurate information be removed as follows: "Immediately correct this account and the disputed derogatory information from my credit report;" "The discharged debt should be reported with a status of 'included in bankruptcy' and balance of $0;" "If you do

---

[4] *Id.* ¶ 25.

[5] Motion, *supra* note 1, ¶ 5. The Amended Complaint states "Defendant Creditors and/or the subsequent holders of the Accounts were listed in the schedule of creditors and received notice of the discharge order when the Bankruptcy was discharged." Amended Complaint, *supra* note 3, ¶ 31. Discover disputes this, stating that it was not listed as a creditor on the Bankruptcy Schedule. Motion, *supra* note 1, ¶ 3. Nevertheless, both Discover and Layton acknowledge that Discover had knowledge of the bankruptcy filing by April 24, 2018. *Id.* ¶ 5; Opposition, *supra* note 1, at 3.

[6] Amended Complaint, *supra* note 3, ¶ 28.

[7] *Id.* ¶ 57.

[8] *Id.* ¶ 68.

[9] *Id.* ¶ 61.

not immediately correct this account on my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account."[10]

9. Experian notified Discover of the dispute, but Discover continued reporting the account status as "OPEN."[11]

10. On or about February 4, 2019, Layton received notification from Experian that Discover had received notice of Layton's dispute pursuant to 15 U.S.C. § 1681li(a)(6).[12]

11. Layton alleges that, rather than updating Layton's account after receiving notice of Layton's dispute, Discover "verified the reported information and then republished" it on Layton's credit report.[13]

12. Discover disputes fact paragraph 11 above by referencing the Automated Consumer Data Verification form ("ACDV")[14] that Discover says it completed in response to Layton's dispute dated December 21, 2018.[15] The parties' dispute on these points is discussed below.

## STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) is appropriate when the complaint is legally insufficient to state a claim for which relief may be granted.[16] To survive a Rule 12(b)(6) motion, each cause of

---

[10] *Id.* ¶ 62.

[11] *Id.* ¶ 63.

[12] *Id.* ¶ 65.

[13] *Id.* ¶¶ 66-67.

[14] The ACDV acronym represents at least three different phrases. In addition to "Automated Consumer Data Verification," the acronym also stands for "Automated Credit Dispute Verification" and "Automated Consumer Dispute Verification." *See* Declaration of June Procak ¶ 6, docket no. 33, filed June 18, 2020 (referring to the ACDV as an "Automated Credit Dispute Verification[.]"); *See e.g., Hayworth v. 1st Financial Bank USA*, No. 1:18-cv-03106-RM-KLM, 2020 WL 5513407 (D. Colo. Sept. 14, 2020) (using the acronym "ACDV" to represent the phrase "automated consumer dispute verification[.]").

[15] Motion, *supra* note 1, ¶¶ 9–11.

[16] *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

action must be supported by sufficient well-pleaded facts to be plausible on its face.[17] A formulaic recitation of the law is insufficient.[18] Factual allegations are accepted as true, and reasonable inferences are drawn in a light most favorable to the plaintiff.[19] Mere conclusory statements are disregarded.[20]

In evaluating a Rule 12(b)(6) motion, courts may consider, in addition to the complaint itself, "an indisputably authentic copy" of a document "referred to in the complaint" that "is central to the plaintiff's claim."[21] This is true even "if a plaintiff does not incorporate by reference or attach a document to its complaint."[22] "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."[23] Further, a summary judgment conversion is said to be unnecessary in this circumstance because "[w]hen a complaint refers to a document" that "is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents."[24] Thus, the plaintiff's "opportunity to respond in kind" is preserved without the conversion.[25]

## ANALYSIS

Discover argues Layton's claims should be dismissed because "Plaintiff does not and cannot identify any legitimate inaccuracy in the information reported by Discover."[26] Discover

---

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *Id.* at 555.

[19] *GFF Corp. v. Associated Wholsale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

[21] *GFF Corp.*, 130 F.3d at 1384–85.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Motion, *supra* note 1, at 2.

relies on the text of the ACDV to support each of its arguments in its Motion and Reply Memoranda.[27] The parties dispute whether consideration of the ACDV is appropriate at this stage in the litigation. Because Discover's arguments are entirely reliant on the text of the ACDV, it is necessary to analyze 1) whether the ACDV may be considered for the purposes of the Motion and 2) whether the ACDV is dispositive of Layton's FCRA claim.

### Consideration of the ACDV is proper.

For the purposes of a 12(b)(6) motion, a court may consider, in addition to the complaint itself, documents that are (1) indisputably authentic, (2) central to a plaintiff's claims, and (3) referenced in the complaint, without converting the motion to one for summary judgment.[28]

Layton does not dispute the authenticity of the ACDV. Nor does she dispute that the ACDV is central to Layton's claim because it demonstrates whether, as alleged, Discover published derogatory credit information after becoming aware of Layton's bankruptcy discharge. Given that these two requirements are satisfied, the ACDV may be considered if referred to in the complaint. Discover asserts that Layton referenced the ACDV form by stating in the Amended Complaint that after receiving notice of the dispute from Experian, Discover failed to "updat[e] Plaintiff's Account[] as notified" and instead "verified the reported information and then republished [it]."[29]

Layton responds that "there are multiple ways credit reporting agencies like Experian can convey a dispute to Discover so there was no way of [Layton] knowing a related ACDV form existed without completing some formal discovery in the case."[30] She also submits a declaration

---

[27] See *id.*; Reply, *supra* note 1.

[28] See *GFF Corp.*, 130 F.3d at 1384–85.

[29] Motion, *supra* note 1, at 4 n.4; Amended Complaint, *supra* note 3, ¶¶ 66-67.

[30] Opposition, *supra* note 1, at 7.

indicating that she was not aware of the ACDV at the time she filed her complaint and argues that she therefore could not have referenced it therein.[31]

Discover replies that, contrary to Layton's position, the process by which furnishers, such as Discover, are informed of and respond to disputed credit report information inherently implicates, and therefore references, the ACDV.[32] Discover cites case law and a government publication outlining the process followed by the three major consumer reporting agencies (Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions Inc.) ("CRAs") in resolving consumer disputes. These sources indicate that the CRAs "review trade line disputes through an electronic information network called e-OSCAR (the Online Solution for Complete and Accurate Reporting)." [33] After a consumer informs a CRA of a dispute, the CRA "internally reviews the dispute, and if it cannot be resolved internally, forwards the information to the furnisher (the original source of the information) using an electronic form

---

[31] *Id*.; Declaration of Melanie Layton In Support of Plaintiff's Opposition to Discover Financial Services, Inc. Motion to Dismiss, docket no. 35-1, filed July 17, 2020.

[32] *See* Reply, *supra* note 1, at 3–5.

[33] *Leoni v. Experian Information Solutions Inc.*, No. 2:17-cv-01408-RFB-VCF, 2019 WL 4866118, *3 (D. Nev. Sept. 26, 2019) (citing Consumer Fin. Prot. Bureau, Key Dimensions and Processes in the U.S. Credit Reporting System: A review of how the nation's largest credit bureaus manage consumer data, 32 (2012)) (available at https://www.consumerfinance.gov/data-research/research-reports/key-dimensions-and-processes-in-the-u-s-credit-reporting-system/); *Seungtae Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 948 n.7 (C.D. Cal. 2015) ("When a consumer disputes information reported to a CRA, the CRA refers the dispute to the furnisher of the information by means of an ACDV report or transmission."), aff'd sub nom. *Kim v. BMW Fin. Servs. NA LLC*, 702 Fed. Appx. 561 (9th Cir. 2017); *Noori v. Bank of Am.*, No. CV1501467ABAFMX, 2016 WL 3124628, at *3 (C.D. Cal. May 26, 2016) ("The means by which a CRA customarily notifies a furnisher of dispute is well-established. 'The CRAs ... notify [a furnisher], through an online reporting system, when a consumer disputes his credit information. . . .'") (quoting *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 32 (1st Cir. 2010)), rev'd in part on other grounds sub nom. *Noori v. Bank of Am., N.A.*, 710 Fed. Appx. 757 (9th Cir. 2018).

called an [ACDV]."[34] The furnisher then investigates the dispute and sends the ACDV back to the CRA.[35]

This dispute process generally, if not inevitably, implicates the ACDV because ACDVs are the forms CRAs use to convey a consumer dispute to a furnisher. Regardless of whether Layton herself personally knew of and intentionally referenced the ACDV, the ACDV can be considered for the purposes of this motion because the Amended Complaint referred to a communication in a process that typically occurs by ACDV.

### The ACDV is dispositive of the FCRA claim.

Section 1681s-2(b) of the FCRA requires furnishers, such as Discover, who have received a dispute from a CRA to:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.[36]

This section "imposes a duty on furnishers [of credit information] after receiving notice of a consumer dispute from a CRA to investigate and report incomplete and inaccurate information."[37] Both parties acknowledge that Layton notified Experian of the disputed information, and Experian subsequently notified Discover of the dispute. However, Layton alleges that Discover failed to modify "Plaintiff's Account[] as notified by Plaintiff" and instead

---

[34] *Leoni*, 2019 WL 4866118, *3

[35] *Id.*

[36] *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (citation omitted).

[37] *Willis v. Capital One Corp.*, 611 Fed.Appx. 500, 502 (10th Cir. 2015) (citation omitted).

"republished the inaccurate and derogatory information on Plaintiff's credit report."[38] The only alleged inaccurate and derogatory information Layton asserts is Discover's reporting of the account status as "open."[39] Layton asserts that "[t]he open negative account hurts Plaintiff's credit score" and "[t]he account should have a status of 'included in bankruptcy' so that reviewing creditors do not believe that Plaintiff has an open negative account."[40]

The text of the ACDV demonstrates that although Discover reported the account status as "open," Discover indicated that the account was "[d]ischarged through Bankruptcy Chapter 7" and had a current balance of $0.[41]  Taken together, the ACDV's indication of a zero dollar balance and remark that the account was discharged in bankruptcy sufficiently signals to creditors that Layton is no longer liable for the discharged debt and does not have an open negative account. Further, Layton does not point to any case that indicates that merely reporting an account as "open" is sufficient for an FCRA claim, when the accompanying current balance is $0, and the ACDV states the debt was discharged in bankruptcy.[42]

Layton contends that *Montgomery v. Wells Fargo Bank*[43] supports her proposition that an account status of "open" is inaccurate and misleading after a debt is discharged through bankruptcy.[44] However, *Montgomery* is distinguishable because, in that case, the furnisher reported the discharged debt as "charged off" instead of "discharged in bankruptcy."[45] The

---

[38] Amended Complaint, *supra* note 3, ¶ 67.

[39] *Id*. ¶ 57.

[40] *Id*. ¶ 60.

[41] Declaration of June Procak, *supra* note 15, Ex. 1.

[42] *See* Opposition, *supra* note 1, at 9–10.

[43] No. C12–3895 TEH, 2012 WL 5497950 (N.D. Cal. Nov. 13, 2012).

[44] Opposition, *supra* note 1, at 9-10.

[45] 2012 WL 5497950, *1-3.

*Montgomery* court found that the status of "charged off" might be misleading or incomplete because, while a "bankruptcy discharge relieves the consumer of any legal obligation to repay the discharged debt," "a consumer may be liable to repay a debt that has been charged off."[46] However, in the present case, Discover clearly indicated that the debt was discharged in bankruptcy, and there was a remaining balance of $0. Thus, the ACDV clearly conveys that Layton is not liable for the discharged debt.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[47] is GRANTED. Layton's claim against Discover is DISMISSED with prejudice.

Signed November 2, 2020.

BY THE COURT:

David Nuffer
United States District Judge

---

[46] *Id*., *5.

[47] Defendant Discover Financial Services, Inc.'s Motion to Dismiss Amended Complaint, docket no. 33, filed June 18, 2020.